UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
CLIFFORD D. JACKSON, III,      :     CASE NO. 1:11-CV-1624
                                                :
        Plaintiff,             :
                                                :
vs.                                             :     OPINION & ORDER
                                                :     [Resolving Doc. No. 1]
DR. JANE DOE,                        :
                                                :
        Defendant.          :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Clifford D. Jackson filed this action under 42 U.S.C. § 1983 against Cuyahoga County Jail Doctor Jane Doe. In the Complaint, plaintiff alleges defendant denied him medical treatment for a back injury. He seeks injunctive and monetary relief.

**I. Background**

Plaintiff is currently being detained at the Cuyahoga County Jail. He alleges that, on June 17, 2011, he completed a visit with his attorney and entered the jail elevator to return to his cell. The floor of the elevator had just been mopped and was wet. Plaintiff alleges he slipped on the elevator floor and fell backwards, sustaining an injury to his lower back.

Plaintiff states that he was immediately taken to the jail's medical facility. He claims that the doctor ordered x-rays, but that the radiologist subsequently determined that plaintiff did not need them. Plaintiff alleges he then requested that the doctor provide him with a back brace. However, plaintiff claims a nurse "made gestures and eye contact with the doctor" and the doctor informed plaintiff that there were no back braces available. (Doc. 1 at 5).

Plaintiff filed the instant Complaint on August 4, 2011. He claims that defendant deliberately and intentionally denied plaintiff medical treatment for injuries to his lower back and, further, that she did so in order to cover up plaintiff's injury so as to protect the Cuyahoga County Sheriff's Department from liability. He seeks $500,000 in damages and an order prohibiting defendant's "friends and associates" from harassing plaintiff for filing the instant Complaint.

## II.  Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.  Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at

1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

As an initial matter, it is not entirely clear who plaintiff means when he identifies the defendant as "Dr. Jane Doe." There were arguably two doctors involved in addressing plaintiff's injuries: (1) the doctor who ordered the x-rays but denied plaintiff the back brace, and (2) the radiologist who denied the x-rays. Plaintiff has named one Jane Doe doctor as a defendant. He does not identify which of these two medical doctors he is suing, and as each allegedly denied plaintiff an element of the medical treatment he desired for his back injury, it is difficult to ascertain which of the doctors is the subject of his Complaint.

On this basis alone, plaintiff's Complaint is subject to dismissal pursuant to § 1915(e) as it fails to satisfy basic notice pleading requirements that a complaint sufficiently identify both the defendant and the conduct for which that defendant is being sued.

As the plaintiff herein is proceeding *pro se*, however, the Court will address what appears to be plaintiff's claim based on a liberal reading of the Complaint. The Eighth Amendment prohibits prison officials from "unnecessarily and wantonly inflicting pain" on prisoners by acting with "deliberate indifference" to prisoners' serious medical needs. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir.2 004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The Eighth Amendment, however, does not apply to pretrial detainees, such as plaintiff herein. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir.

2001). The Fourteenth Amendment, rather, "affords pretrial detainees a due process right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners." *Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004). Thus, although the Eighth Amendment is not directly applicable to plaintiff herein, its deliberate indifference standard is to be applied under the Fourteenth Amendment. *Id.*

A claim of deliberate indifference has both an objective and subjective component. *Harrison v. Ash*, 539 F.3d 510, 517-18 (6th Cir. 2008). The objective component requires an inmate to show that the alleged deprivation is "sufficiently serious" and poses "a substantial risk of serious harm." *Id*. To satisfy the subjective component, an inmate must demonstrate that prison officials had "a sufficiently culpable state of mind," i.e. the official knew of and disregarded an excessive risk to inmate health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

As plaintiff identifies the Jane Doe defendant herein as a "doctor," it would appear that he intends to sue the individual he refers to repeatedly in his Complaint as "the doctor." According to plaintiff, he was immediately taken to the jail's medical facility after his fall and "the doctor ordered x-rays." (Doc. 1 at 5). After a person identified as "the radiologist" denied the x-rays, plaintiff "requested a back brace from the doctor but . . . when the doctor was ordering the back brace, a nurse made gestures and eye contact with the doctor and the doctor informed plaintiff that there were no back brace[s] available to him." (Doc. 1 at 5).

Based on the allegations set forth, the Court finds plaintiff has failed to satisfy either the objective or subjective components of the deliberate indifference standard, set forth above. Plaintiff acknowledges that he was immediately taken to the jail's medical facility after his fall

-4-

and examined by a doctor. It also appears that "the doctor" was willing to order plaintiff a back-brace, but that none were available. Plaintiff does not allege that the lack of a back brace aggravated his injury or caused him any undue suffering, nor does he allege that he is continuing to suffer any pain or discomfort resulting from his fall. Under these circumstances, the Court finds that the Complaint fails to allege either "a substantial risk of serious harm," or that defendant Dr. Jane Doe knew of and disregarded an excessive risk to inmate health or safety.[1]

Accordingly, the Court finds that plaintiff's claim of deliberate indifference to his medical needs is subject to summary dismissal as to all defendants pursuant to § 1915(e).

### IV. Conclusion

Accordingly, this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated: November 8, 2011        *s/     James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[1] Even if "the radiologist" was plaintiff's intended Jane Doe defendant, the Court finds any claim against the radiologist for failure to provide medical treatment would fail for the same reasons as set forth above.

[2] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."